UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FARMER,<br><br>        Plaintiff,<br><br>    v.<br><br>AIRBNB, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-07842-JST<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE**<br><br>Re: ECF No. 16 |

Before the Court is a motion to compel arbitration and dismiss the complaint brought by Defendants Airbnb, Inc. and Airbnb Payments, Inc. (collectively, "Airbnb"). ECF No. 16. The Court will grant the motion to compel arbitration but will stay the case, rather than dismiss it.

The parties do not dispute that the Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

Plaintiff Anthony Farmer does not contest the existence of a valid arbitration agreement, nor does he contest that his individual claims fall withing the scope of the agreement.[1] Indeed, Farmer initiated arbitration of his claims with the American Arbitration Association ("AAA"). He subsequently attempted to withdraw from arbitration under California Code of Civil Procedure Section 1281.97, under which Airbnb was required to pay "fees or costs to initiate an arbitration proceeding . . . within 30 days after the due date." Cal. Code Civ. Proc. § 1281.97(a). The arbitrator ruled that Farmer's "notice of withdrawal of this matter from arbitration is void and has no effect." ECF No. 16-2 at 122.

In opposing Airbnb's motion to compel arbitration, Farmer appears to concede that Airbnb

---

[1] In arguing for a stay rather than dismissal if this Court were to compel arbitration, Farmer asserts that his request for a public injunction is not arbitrable. ECF No. 21 at 21-22. The parties did not brief this question, and the Court does not reach it.

did not violate Section 1281.97.  *See* ECF No. 21 at 17.  However, he now argues that Airbnb violated its obligations under California Code of Civil Procedure Section 1281.98, which requires payment of "fees or costs required to continue the arbitration proceeding . . . within 30 days after the due date," because, according to Farmer, Airbnb did not timely pay the $1,500 arbitrator compensation fee requested by AAA.  Cal. Civ. Proc. Code § 1281.98(a).

Farmer does not dispute that the arbitration agreement in this case delegated questions of arbitrability, including enforcement of the agreement, to the arbitrator.  He nonetheless contends that the Court should consider in the first instance whether Airbnb has complied with the requirements of Section 1281.98.  The Court disagrees.  As another court in this district has held with respect to payment of initiation fees under Section 1281.97, the parties' delegation of arbitrability requires that question to be decided by the arbitrator.  *Mesachi v. Postmates, Inc.*, No. 3:20-cv-07028-WHO, 2021 WL 736270, at *4-5 (N.D. Cal. Jan. 8, 2021).  That is because "gateway questions [of arbitrability] typically include 'whether the parties have a valid arbitration agreement or are bound by a given arbitration clause, and whether an arbitration clause in a concededly binding contract applies to a given controversy,'" and parties may "agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes."  *Id.* at *4 (quoting *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011)) & *5 (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019)).

On May 28, 2021, Farmer filed a motion for leave to file a statement of recent decision, *Agerkop v. Sisyphian LLC*, No. 19-cv-10414-CBM-(JPRx), 2021 WL 1940456 (C.D. Cal. Apr. 13, 2021).  ECF No. 32.  The Court grants the motion, but does not find *Agerkop* persuasive on this point.  The *Agerkop* court held that "the delegation clause in the parties' arbitration agreements is not a basis" to deny a motion, based on Sections 1281.97 and 1281.98, to vacate a prior order compelling arbitration.  2021 WL 1940456, at *4.  However, it cited no authority for this holding and did not consider *Mesachi*, and the Court declines to apply it here.

Farmer correctly cites 9 U.S.C. § 3 as providing for a stay of proceedings pending arbitration only where "the applicant for the stay is not in default in proceeding with such

arbitration." But, aside from *Agerkop*, he cites no authority for the proposition that a court should determine whether a party is in default for failing to timely pay fees where, as here, questions of arbitrability have been delegated to the arbitrator, and the arbitrator has not found the party to be in default or terminated the proceedings for nonpayment. In the other cases relied on by Farmer, either the court did not consider whether the parties delegated such questions, or the arbitrator had already terminated the arbitration, and in one case also found the party in default, for failing to pay fees. *E.g.*, *Dekker v. Vivint Solar, Inc.*, 479 F. Supp. 3d 834 (N.D. Cal. 2020) (vacating order compelling arbitration based on Section 1281.97 but not considering delegation question); *Sink v. Aden Enters., Inc.*, 352 F.3d 1197 (9th Cir. 2003) (affirming denial of motion to compel arbitration where arbitrator had terminated the arbitration and granted motion for an order of default based on nonpayment of fees); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015) (affirming lifting of stay order where arbitrator had suspended and then terminated arbitration after nonpayment of fees); *Rapaport v. Soffer*, No. 2:10-CV-00935-KJD-RJJ, 2011 WL 1827147 (D. Nev. May 12, 2011) (denying motions to stay proceedings and compel arbitration where arbitrator had terminated arbitration after nonpayment of fees).

The Court grants Airbnb's motion to compel arbitration and stays these proceedings. The Clerk shall administratively close the file. This order shall not be considered a dismissal or disposition of this action against any party. If further proceedings become necessary, any party may initiate them in the same manner as if this case had not been administratively closed.

**IT IS SO ORDERED.**

Dated: June 1, 2021

                                                                                    _____
                                                                                    JON S. TIGAR
                                                                                    United States District Judge

3